IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. THOMPSON,**           **CASE NO. 2:08-cv-743**
                                   **JUDGE FROST**
    **Petitioner,**            **MAGISTRATE JUGE KEMP**

**v.**

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

    **Warden.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant operated a home business selling drugs (primarily Oxycontin) or trading them in exchange for stolen merchandise. The Washington County Grand Jury returned indictments charging appellant with one count of trafficking in violation of R.C. 2925.03(A)(1) & (C)(2)(b), and one count of trafficking in violation of R.C. 2925.03(A)(1) & (C)(1)(c) (Case No. 06CR14). Appellant was also charged in a subsequent case with engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) & (B)(1) (Case No. 06CR167).

1

Pursuant to a plea agreement, appellant pled guilty to an amended count of attempted trafficking and engaging in a pattern of corrupt activity in exchange for no additional charges or additional property forfeitures. At the plea change hearing, the trial court explained to appellant the charges and his constitutional rights. After the court was satisfied that appellant understood his rights, and the nature of his plea, the court accepted appellant's pleas and found him guilty on both charges.

Subsequently, the trial court sentenced appellant to serve twelve months in prison for attempted trafficking (Case No. 06CR14) and four years for having engaged in a pattern of corrupt activity (Case No. 06CR167), with the sentences to be served consecutively. These appeals followed.FN2

FN2. Appellant filed his notice of appeal in Case No. 06CR167 on September 13, 2006, beyond the App.R. 4(A) thirty day time limit. On October 18, 2006, we granted appellant leave to file a delayed appeal. On November 13, 2006, we ordered the two appeals consolidated.

*State v. Thompson*, 2007 WL 1600546 (Ohio App. 4th Dist. May 29, 2007). Petitioner filed a timely appeal in which he asserted the following assignments of error:

FIRST ASSIGNMENT OF ERROR:
THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; *BLAKELY v. WASHINGTON* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; *UNITED STATES V. BOOKER* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.

SECOND ASSIGNMENT OF ERROR:

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH

> AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES.
>
> THIRD ASSIGNMENT OF ERROR:
>
> THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. THOMPSON DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
>
> FOURTH ASSIGNMENT OF ERROR:
>
> THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES.

On May 29, 2007, the appellate court affirmed the trial court's judgment. *Id*. On October 24, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Thompson*, 115 Ohio St.3d 1442 (2007).

On August 1, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006)... violates the Ex Post Facto and Due Process Clauses of the United States Constitution.
>
> 2. Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments of the United States Constitution for failing to object to the trial court's imposition of non-minimum, maximum, and consecutive sentences.

3

> 3. The trial court committed plain error and denied Mr. Thompson due process of law by imposing non-minimum, maximum, and consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution.

It is the position of the respondent that claims one and three are procedurally defaulted and that all of his claims are without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must

determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claim one, petitioner asserts that his sentence violated due process and the Ex Post Facto Clause. In claim three, petitioner asserts that the trial court's imposition of non-minimum, maximum, and consecutive terms denied him due process. These claims, being readily apparent from the face of the record, were properly raised on direct appeal; however, the appellate court reviewed his claims for plain error only, due to petitioner's failure to object at sentencing:

> We jointly consider appellant's first, second and third assignments of error because they involve the same issue. Appellant asserts that subsequent to the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum and its decision to

5

issue consecutive sentences, violate his rights under the ex post facto clause of Article I, Section 10, of the United States Constitution and Due Process Clause of the Fourteenth Amendment. We disagree.

First, the court decided *Foster* on February 27, 2006. The court held appellant's sentencing hearing on July 20, 2006. Appellant should have raised this argument during the hearing so that the trial court could have addressed it. He did not and that failure waives the issue on appeal. *See State v. Close*, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; *State v. Smith,* Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; *In re Cazad*, Lawrence App. No. 04CA36, 2005-Ohio-2574, at ¶ 48.

Additionally, assuming *arguendo* that appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument appellant raises. Each time, we have rejected it. See *State v. Henry*, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; *State v. Grimes,* Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other appellate courts have rejected it as well. *See State v. Mallette*, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; *State v. Lowe,* Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; *State v. Shield,* Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; *State v. Hildreth*, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10

FN3. While most of these cases dealt with an ex post facto and due process challenge to non-minimum sentences, we also found no violation of those constitutional protections in ordering prison sentences to run consecutively. See *State v. Henry*, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 10-12.

We find nothing in appellant's brief to prompt us to re-visit that conclusion and we continue to adhere to *Henry* and *Grimes*. For the reasons stated in those cases, the trial court did not violate appellant's rights by imposing non-minimum sentences or ordering those sentences to run consecutive to one another.

*State v. Thompson, supra.*

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir.2004), *cert. denied,* 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith*, 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir.2001); *Stojetz v. Ishee*, 2006 WL 328155 *12 (S.D.Ohio Feb.10, 2006).
>
> A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal court, in determining whether a state court has relied on a procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst, v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

*Adams v. Bradshaw*, 484 F.Supp.2d 753, 771 (N.D.Ohio 2007). Petitioner therefore has waived his claims for federal habeas corpus review.

Petitioner contends that the state appellate court failed to enforce the procedural bar by alternatively dismissing his claim on the merits. *See Traverse.* This Court does not agree. An alternative ruling on the merits by a state appellate court of an otherwise waived claim does not forgive the waiver or otherwise revive the claim for purposes of habeas corpus

review. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted); *Kenney v. Haviland*, No. 1:04 CV 2194, 2006 WL 2792171, at *6 n. 8 (N.D.Ohio Sep.26, 2006) ("The mere existence of the clear statement rule confirms that an alternative holding on the merits cannot save a claim where the court clearly and expressly enforces a state procedural bar").

As cause for his procedural default, and in claim two of this federal habeas corpus petition, petitioner asserts the ineffective assistance of counsel. *See Traverse; Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(the ineffective assistance of counsel may constitute cause for a procedural default). The state appellate court rejected this claim as follows:

> [B]ecause the trial court did not err by imposing non-minimum and consecutive sentences, appellant cannot show that trial counsel was constitutionally ineffective for failing to raise this argument. To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, an appellant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see *State v. Issa* (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904. To demonstrate prejudice, appellant must show a reasonable probability exists that but for the alleged errors, the result of the proceeding would have been different. *State v. White* (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. Because we have already held that non-minimum, consecutive sentences can be imposed subsequent to *Foster,* appellant cannot show that he was prejudiced by his counsel's failure to argue that point.

8

*State v. Thompson, supra.* The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this

> Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*.

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra*, 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

As noted recently by the United States District Court for the Southern District of Ohio, Western Division, in *Dickens v. Brunsman*, 2009 WL 3199066 (S.D. Ohio September 29, 2009),

> Petitioner's claim that the retroactive application of the *Foster* remedy to correct constitutional infirmities in Ohio's sentencing statutes constitutes a violation of the Constitution's Ex Post Facto and Due Process Clauses has been thoroughly discussed and uniformly rejected by this Court and other federal district and state courts in Ohio. *See, e.g., Hooks v. Sheets*, No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D.Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein); *see also Wright v. Warden,* Pickaway Corr. Inst., --- F.Supp.2d ----, No. 1:07cv1022, 2009 WL 1850170, at *1, *23-25 (S.D. Ohio June 25, 2009) (Barrett, J.; Hogan, M.J.) (to be published) (and cases cited and quoted therein); *Kelley v. Brunsman*, --- F.Supp.2d ----, No. 1:08cv71, 2009 WL 1617774, at *5-6, *17-18 (S.D. Ohio June 9, 2009) (Spiegel, J.; Hogan, M.J.) (to be published); *Smith v. Brunsman*, --- F.Supp.2d ----, No. 1:07cv878, 2009 WL 530113, at *1, *4-8 (S.D.Ohio Feb. 27, 2009) (Barrett, J.; Black, M.J.) (to be published) (noting that "both the federal district courts and Ohio courts have rejected ex post facto challenges to the Foster decision").FN8

> FN8. *See also Rettig v. Jefferys*, 557 F.Supp.2d 830, 841 (N.D.Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject[ing] ex post facto challenges to the *Foster* decision"); Smith v. Welch, No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D.Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman,* No. 1:08cv2522, 2009 WL 2143746 (N.D.Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); Mason v. Brunsman, No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D.Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe*, No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D.Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper*, No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D.Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson*, No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D.Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,* No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D.Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe*, No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D.Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden*, Noble Corr. Inst., No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D.Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected ex post facto challenges to the *Foster* decision"); *Collins v. Warden*, Chillicothe Corr. Inst., No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D.Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely*, his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

*Id.* This Court likewise agrees with other courts to consider the issue which have rejected this same claim.

> Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1)

12

"makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender."

*Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting Calder v. Bull, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); see also U.S. Constit. Art. I, § 10. As petitioner apparently concedes ( see Doc. 14, p. 11), Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." McGhee v. Konteh, No. 1:07cv1408, 2008 WL 320763, at *10 (N.D.Ohio Feb.1, 2008) (unpublished); see also Rogers, 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351, 352, 354-55, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)); *see also United States v. Barton*, 455 F.3d 649, 654 (6th Cir.) ("when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), cert. denied, 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict

> petitioner ... and petitioner was aware of the potential penalties he faced ... [B]oth before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

*Hooks v. Sheets*, 2008 WL 4533693 (S.D.Ohio October 3, 2008); *see also Trewartha v. Brunsman,* 2009 WL 614963 (S.D. Ohio March 5, 2009); *Smith v. Wilson*, 2008 WL 4758696 (N.D.Ohio October 29, 2008) (same). The same reasoning in the foregoing decisions rejecting ex post facto challenges to application of *Foster* applies here. Petitioner faced the same penalty ranges in sentences for his convictions prior to Foster, and after *Foster*. Therefore, the trial court's imposition of non-minimum consecutive terms after *Foster* did not violate the Ex Post Facto or Due Process Clause. Petitioner has failed to establish the ineffective assistance of counsel under *Strickland* due to his attorney's failure to object to his sentence on this basis. Claim two is without merit. Petitioner has failed to establish cause and prejudice for his procedural default of claims one and three.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333. Petitioner has failed to meet this standard here.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections

to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge