IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD E. THOMPSON,**　　　　　　　**CASE NO. 2:08-cv-00743**
　　　　　　　　　　　　　　　　　　　　**JUDGE FROST**
　　　**Petitioner,**　　　　　　　　　　　**MAGISTRATE JUDGE KEMP**

**v.**

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

## OPINION AND ORDER

On January 4, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel on the merits, and of his claims as procedurally defaulted. Petitioner again raises all of the same arguments he previously presented.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a de novo review. The crux of the Report and Recommendation is that petitioner's claim that he received ineffective assistance of counsel lacks merit because petitioner did not show that he was prejudiced by his attorney's failure to raise and preserve an objection to the retroactive application of the Ohio Supreme Court's decision in *State v Foster*, 109 Ohio St. 3d 1 (2006). Petitioner claims, in his objections, that had such an objection been raised at the state trial court level, it is likely that he would not have received the sentence that he did, which included non-

minimum, maximum, and consecutive sentences.

As the *Report and Recommendation* notes, however, both the Ohio and the federal courts have rejected the notion that applying the remedy announced in *State v. Foster*, which was designed to cure the deficiencies in Ohio's then-unconstitutional sentencing scheme, violates any constitutional principle. *See Report and Recommendation* at 11-12, citing cases. Petitioner has not demonstrated the likelihood that, had this issue been raised before the sentencing court, the sentencing court would have declined to follow *Foster* because to do so would have violated the *Ex Post Facto* clause. He has also not demonstrated that had the issue been preserved for appeal, the Ohio Court of Appeals would have adopted that position and remanded the case for resentencing. Because prejudice is one prong of the ineffective assistance of counsel argument, *see Strickland v. Washington*, 466 U.S. 668 (1984), and prejudice cannot be demonstrated here, petitioner's substantive claim is without merit, and his reliance on ineffective assistance of counsel as cause for any procedural default which occurred is equally without merit.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge